UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 21-62212-CIV-MORENO

Art Deco 1924 Inc.,

       Plaintiff,

vs.

Scottsdale Insurance Company,

       Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

This is an insurance dispute relating to a commercial surplus policy that defendant Scottsdale Insurance Company issued to plaintiff Art Deco 1924, Inc. Art Deco alleges that it has satisfied all conditions precedent, that Scottsdale has acknowledged coverage and issued payments to it, but that the payments were insufficient under the policy. The complaint is dismissed without prejuidice because the insured plaintiff failed to comply with the pre-suit notice conditions set out in Florida Statute § 627.70152(3) (2021).

That subsection requires that an insurance claimant "provide the department with written notice of intent to initiate litigation on a form provided by the department" at least 10 days before filing the suit. Scottsdale says that Art Deco failed to allege that it complied with this provision and therefore, as the statute requires, the case must be dismissed without prejudice. Art Deco contends that the statute, which was made effective on July 1, 2021, after the parties entered into the policy underlying this dispute, amounts to a substantive statute and thus cannot be applied retroactively to the policy.

The parties' dispute therefore comes down to the whether the pre-suit notice provision in issue is substantive or procedural. In general, courts may not retroactively apply a substantive statute, whereas they may retroactively apply procedural statutes. *Maronda Homes, Inc. of Fla. v. Lakeview Rsrv. Homeowners Ass'n, Inc.*, 127 So. 3d 1258, 1272 (Fla. 2013). Substantive laws prescribe legal duties and rights. *Id.* Procedural laws provide the means and methods for enforcing existing duties and rights. *Id.*

The Florida Supreme Court's decision in *Menendez v. Progressive Express Insurance Company* controls the outcome in this case. 35 So. 3d 873 (Fla. 2010). In that case the Court declined to retroactively apply a similar update to a Florida insurance statute which added a pre-suit notice provision. Some background on the statute is necessary to understand the holding.

The statutory scheme in issue was Florida's "Required Personal Injury Protection" provision. Under that provision, motor vehicle insurance was required to provide bodily injury benefits that were recoverable without regard to fault. *See id.* at 877. In this way, the provision functioned to provide quick payment to the insured so he could "get on with his life without undue financial interruption." *Id.* (citation omitted). The Court thus explained that "*any* impediment to the right of the insured to recover in a swift and virtually automatic way has the potential for interfering with [] the scheme's goal." *Id.* (quotation marks omitted) (emphasis added).

The Court went on to highlight four problematic parts of the newly updated provision. In short, the new law: (1) imposed a new penalty on insurers for non-compliance; (2) implicated attorney's fees by providing that an insured is precluded from recovering fees in certain circumstances; (3) granted the insurer additional time to pay benefits; and (4) delayed the insured's right to institute a cause of action by precluding the insured from doing so before the

2

expiration of the newly elongated time period. *Id.* at 879. For all these reasons, the Court concluded that the new statute, "when viewed as a whole," was substantive. *Id.* at 880.

Contrast the law in *Menendez* with the law here. The only new provision in § 627.70152 that Art Deco complains of is the pre-suit notice requirement. While Art Deco frames the provision as interfering with the right to obtain attorney's fees, that is not an accurate characterization. The statute merely says that if a suit is dismissed for failure to provide pre-suit notice, the court may not award attorney's fees to the claimant. Other than that, attorney's fees remain recoverable to a prevailing claimant. *See* Fla. Stat. § 626.9373. That is a meaningfully different arrangement than the one in *Menendez*, which altogether prohibited attorney's fees in particular circumstances. *See Menendez*, 35 So. 3d at 878-79.

For these reasons, the statute is a procedural law that "concerns the means and methods to apply and enforce . . . duties and rights" rather than a substantive law that "prescribes duties and rights." *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1358 (Fla. 1994). Section 627.70152 thus applies in this case.

This result is consistent with the practice so far in Florida courts. Scottsdale has attached as exhibits five separate orders from Florida courts that have dismissed similar suits for failure to comply with § 627.70152. Art Deco does not disagree with Scottsdale's characterization of these orders, but instead insists they are mistaken. The Court disagrees, in view of the analysis above.[1]

---

[1] The Court notes that other district courts have reached other conclusions. When confronted with the same issue, Judge Bloom denied the motion to dismiss, explaining: "Even assuming that [the statute] applies retroactively . . . the Complaint contains the necessary allegations to survive the Defendant's challenge." *Cardelle v. Scottsdale Ins. Co.*, 2022 WL 196294, at *3 (S.D. Fla. Jan. 21, 2022). This is because the complaint alleged simply that all conditions precedent had been satisfied, which is enough under Federal Rule of Civil Procedure 9 ("in pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed"). *Id.* And, as the Court explained, it could not delve into the

3

As a result of the foregoing, the complaint is dismissed without prejudice.

DONE AND ORDERED in Chambers at Miami, Florida, this 9th of March 2022.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

---

actual fact of compliance at the pleadings stage. *Id.* Art Deco has not raised this argument, though, and instead concedes that it has not complied with the pre-suit notice provision.